IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SCARLETT PLACE APARTMENTS, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:18-cv-1456-TWT-JKL |
| DREYFUS CLEMONS, *and all other occupants*, | |
| Defendants. | |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Dreyfus Clemons application for leave to proceed *in forma pauperis* ("IFP") on his notice of removal of a state dispossessory action against Defendants to this Court. [Doc. 1.] After considering Clemons's application, I **GRANT** the request to proceed IFP pursuant to 28 U.S.C. § 1915(a) for the limited purpose of remand. Because this Court does not have subject matter jurisdiction over the removal action, I further **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Clayton County.

In the underlying dispossessory action, filed on February 14, 2018, Plaintiff Scarlett Place Apartments ("Scarlett Place") alleged that Defendants failed to pay rent. [Doc. 1-1 at 6.] Scarlett Place demanded possession of the premises, past due rent of $747.00, and fees and costs of approximately $400.00. [*Id.*]

In his petition for removal, Clemons contends that this Court has jurisdiction over the case because Scarlett Place violated the Fair Debt Collection Practices Act ("FDCPA") and/or his due process rights under the Fourteenth Amendment to the United States Constitution. [Doc. 1-1 at 1-3].

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Here, however, the underlying case is a state dispossessory action containing no federal claim. [Doc. 1-1 at 6.] Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, \*3 (N.D. Ga. Apr. 7, 2015). Even if Clemons

wishes to raise counterclaims based on federal statutes such as the FDCPA or the violation of his due process rights, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action. *See Anderson*, 529 U.S. at 6.

Additionally, it is also clear to the Court that there is no diversity jurisdiction under 28 U.S.C. § 1332(a). First, Scarlett Place and Defendants are all Georgia citizens. [Doc. 1-1 at 6.] They are therefore not diverse for jurisdictional purposes. 28 U.S.C. § 1441(b)(2); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (removing party bears the burden of establishing that the parties are diverse). Second, Scarlett Place's dispossessory claim against Defendants cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a). *See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy). Thus, the amount-in-controversy requirement in § 1332(a) is not met by Scarlett Place's demand for unpaid rent, costs, and fees. *See* 28 U.S.C. § 1332(a).

In sum, the Court **GRANTS** Defendant Clemons's application for leave to proceed IFP for the limited purpose of remand. [Doc. 1.] Because it is clear that this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Clayton County.

IT IS SO ORDERED AND RECOMMENDED this 11th day of April, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge